# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

MORRIS L. STURDIVANT,          :

    Plaintiff,                 :

vs.                            :       CA 09-0126-WS-C

MICHAEL J. ASTRUE,             :
Commissioner of Social Security,
                                       :

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income. This action is before the Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record, plaintiff's brief, and the Commissioner's brief,[1] it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.

---

[1] Oral argument in this action was waived by the parties. (*See* Doc. 17)

Plaintiff alleges disability due to cervical degenerative disc disease, moderately severe cervical spinal stenosis, cervical radiculopathy with chronic neck pain, back and right shoulder pain, obstructive sleep apnea, and a history of herniated discs at C6-7. The ALJ made the following relevant findings:

> **3.    The claimant has the following severe impairments: cervical disc disease at C6-7 with moderately severe central spinal stenosis and disc bulging at L5-S1 (20 CFR 404.1520(c) and 419.920(c)).**
>
> On October 5, 2004, Dr. Freij ordered cervical spine magnetic resonance imaging, which revealed a large disc protrusion at C6-7 causing moderately severe central spinal stenosis and neuroforaminal narrowing. On February 18, 2005, Dr. Freij ordered lumbar magnetic resonance imaging, which revealed bulging disc at L5-S1 (Exhibit 3F).
>
> **4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).**
>
> .   .   .
>
> **5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as specified by Dr. Freij: the claimant can lift/carry ten pounds occasionally and less frequently; sit eight hours and stand/walk eight hours in an eight-hour day; does not require an assistive device for ambulation; can never push/pull arm/leg controls; can occasionally perform gross manipulation, bend, stoop, and reach; can frequently perform fine manipulation; cannot work around hazardous**

> **machinery; and can operate motor vehicles and be exposed to pulmonary irritants.**
>
> In making this finding, the undersigned considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned also considered opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.
>
> . . .
>
> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.
>
> . . .
>
> On August 7, 2005, Dr. Freij completed a Physical Capacities Evaluation in which he opined the claimant could lift/carry ten pounds occasionally and less frequently; sit eight hours and stand/walk eight hours in an eight-hour day; does not require an assistive device for ambulation; could never push/pull arm/leg controls; could occasionally perform gross manipulation, bend, stoop, and reach; could frequently perform fine manipulation; could not work around hazardous machinery; and could operate motor vehicles and be exposed to pulmonary irritants. Dr. Freij also completed a Clinical Assessment of Pain on August 7, 2005, in which he assessed the claimant's pain to be present to such an extent as to be distracting to adequate performance of daily activities or work; that physical activity increased the claimant's pain to such a degree as to cause distraction from tasks or total abandonment of tasks; and that side effects from

prescription medication could be expected to be severe and to limit effectiveness due to distraction, inattention, and drowsiness (Exhibits 3F and 4F).

. . .

Dr. Anderson testified at the hearing that the claimant has impairments of spinal pain due to disc disease at C6-7 and L5-S1, hypertension, and a headache disorder. He stated that the claimant is treated with anti-inflammatories and pain medication.

. . .

As for the opinion evidence, ***Dr. Freij, the claimant's treating physician, is accorded controlling weight***, as specified in Social Security Ruling (sic) 404.1527. Dr. Freij's assessment is consistent with the records of evidence.

. . .

[A] person with the pain alleged by the claimant would be expected to be taking some type of pain medications and to have lost some strength and to have atrophy and some loss of range of motion, which this claimant does not have. Thus, the claimant's treatment and actions are not consistent with a person in disabling pain and limitation.

**6.     The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).**

. . .

**7.     The claimant was born on March 9, 1975 and was 28 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).**

4

> **8.     The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).**
>
> **9.     Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).**
>
> **10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).**
>
> .   .   .
>
> **11.    The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2003 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).**

(Tr. 18-19, 19, 20, 22, 23 & 24 (most emphasis in original; some emphasis added)) The Appeals Council affirmed the ALJ's unfavorable decision (Tr. 5-7) and thus, the ALJ's decision became the final decision of the Commissioner of Social Security.

### **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the

examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that he could perform sedentary work existing in substantial numbers in the national economy, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, the plaintiff contends that the ALJ erred in failing to consider the opinion of his treating physician in its entirety. The Commissioner's regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite [the] impairment(s), and [the claimant's] physical or mental restrictions." *See, e.g.,* 20 C.F.R. § 404.1527(a)(2) (2009). The regulations provide that regardless of the source of the medical opinion, the Commissioner will evaluate every opinion it receives. *See, e.g.,* 20 C.F.R. § 404.1527(d). In general, the Commissioner will give more weight to the opinion of a medical source who has examined the claimant than the opinion of a non-examining source. 20 C.F.R. § 404.1527(d)(1); *see Syrock, supra*, 764 F.2d at 835 ("'The law is clear that, although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'").

In recognition of the Commissioner's regulations, the Eleventh Circuit requires an ALJ to "'state specifically the weight accorded to each item of

7

evidence and why he reached that decision.'" *Reese v. Sullivan*, 925 F.2d 1395, 1397 (11th Cir. 1991), quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Stated differently, in assessing the medical evidence in a particular case, an ALJ is "required to state with particularity the weight he gave the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (citation omitted); *see Wiggins v. Schweiker*, 679 F.2d 1387, 1389 & 1390 (11th Cir. 1982) ("[T]he opinion of the ALJ in the present case does not mention Dr. Mracek, let alone reveal what weight, if any, the ALJ gave to the treating physician's evidence. . . . The ALJ's opinion, thus, not only fails to mention the appellant's treating physician and the weight, if any, the ALJ gave to the treating physician's evidence and opinion, but also strongly suggests that the ALJ did not accord the opinion of the appellant's treating physician the weight required by law. At the very least, we are unable to determine whether the ALJ applied the proper legal standard and gave the treating physician's evidence substantial or considerable weight or found good cause not to do so. If we are to provide the parties with any sort of meaningful judicial review, we must be able to ascertain whether the ALJ correctly followed the law. Unable to divine this from the ALJ's opinion, we must reverse the district court and remand the case for reconsideration by the

ALJ, who should evaluate all the evidence according to the respective weight required by law and should render a decision that will provide reviewing courts with the basis for determining that he applied the correct legal standards."); *cf. Caulder v. Bowen*, 791 F.2d 872, 880 (11th Cir. 1986) ("The ALJ must articulate his reasons for not giving weight to the diagnoses accompanying the test results.").

In this case, the ALJ specifically stated that he was according "controlling weight," to Dr. Freij's assessment since same was "consistent with the records of evidence." (Tr. 22) However, the ALJ then determined that plaintiff was not disabled and could perform sedentary work activity (Tr. 23) despite the vocational expert's clear testimony at the hearing that consideration of Dr. Freij's pain assessment would exclude all work in the national economy (*compare id. with* Tr. 268-269). The ALJ was certainly aware of the treating physician's pain assessment (*compare* Tr. 268-269 *with* Tr. 20 ("Dr. Freij also completed a Clinical Assessment of Pain on August 7, 2005, in which he assessed the claimant's pain to be present to such an extent as to be distracting to adequate performance of daily activities or work; that physical activity increased the claimant's pain to such a degree as to cause distraction from tasks or total abandonment of tasks; and that side effects from prescription

9

medication could be expected to be severe and to limit effectiveness due to distraction, inattention, and drowsiness[.]")) and, given the VE's testimony, was also aware of the importance of this assessment to the disposition of this case; therefore, his failure to state with particularity the weight he gave Freij's clinical assessment of pain and the reasons, if any, for giving it no weight, was error. *See, e.g., Sharfarz, supra,* 825 F.2d at 279. The Commissioner's contention that the ALJ's implicit rejection of Dr. Freij's pain assessment was sufficient in this case need be rejected not only because, as explained above, that assessment and the ALJ's evaluation of same is pivotal in light of the VE's testimony, but also because of the ALJ's cryptic and conclusory consideration of Sturdivant's pain complaints (*see* Tr. 19 & 22-23 ("In making this [RFC] finding, the undersigned considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. . . . After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely

10

credible. . . . [Dr. Anderson] stated that the untreated condition would limit the claimant to sedentary work, which is consistent with his treating physician's statement. Furthermore, a person with the pain alleged by the claimant would be expected to be taking some type of pain medications and to have lost some strength and some loss of range of motion, which this claimant does not have. Thus, the claimant's treatment and actions are not consistent with a person in disabling pain and limitation."))[2]

In light of the foregoing, this cause is due to be remanded to the Commissioner of Social Security for further consideration not inconsistent with this decision.

## CONCLUSION

The Magistrate Judge recommends that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*,

---

[2] The ALJ does not once mention this circuit's three-part pain standard, *see, e.g.*, *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) ("In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." ), much less apply same, *see id*. ("If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true."). This was error.

501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 19th day of November, 2009.

        s/WILLIAM E. CASSADY
    **UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      ***Objection***.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.